**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 21-1956
_____

KEITH LAMONT BURLEY, JR.,
Appellant

v.

AARON BERNSTINE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:21-cv-00072)
District Judge:  Honorable John E. Jones, III

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 12, 2021
Before:  AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed: August 23, 2021)
_____

OPINION[*]
_____

PER CURIAM

    Keith Lamont Burley, Jr., a prisoner proceeding pro se and in forma pauperis,

appeals from the District Court's order dismissing his complaint and denying his motions

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

for joinder and for appointment of counsel.  For the reasons set forth below, we will summarily affirm.

I.

In January 2021, Burley filed a civil rights complaint in the United States District Court for the Middle District of Pennsylvania against Aaron Bernstine, a member of the Pennsylvania House of Representatives, in both his individual and official capacities. Burley alleged that, beginning in September 2019, Bernstine violated Burley's federal and state constitutional rights and various state law torts by sponsoring and promoting House Bill 1855 and by making prejudicial statements about Burley in press conferences.

House Bill 1855 (later reintroduced as House Bill 146), known as Markie's Law, was named for an eight-year-old boy whom Burley was charged with murdering in July 2019 and would postpone parole considerations for inmates convicted of violent offenses while incarcerated.[1]  Burley alleged, inter alia, that the introduction and promotion of Markie's Law interfered with his impending criminal trial and that Bernstine's statements labeling Burley "the perpetrator" and "a monster," among other things, in promoting the bill were defamatory and resulted in reputational harm.  Burley likened proceedings within the House of Representatives to a trial in absentia that violated his right to a presumption of innocence and alleged that he was denied equal protection of the law in violation of 42 U.S.C. § 1985 because he is Muslim, black, and a parolee.  He sought a

---

[1] The District Court was permitted to take judicial notice of these facts pertaining to Markie's Law and Burley's criminal proceedings.  See Orabi v. Att'y Gen., 738 F.3d 535, 537 n.1 (3d Cir. 2014); Anspach ex rel. Anspach v. City of Phila. Dep't of Pub. Health, 503 F.3d 256, 273 n.11 (3d Cir. 2007).

2

declaratory judgment that Bernstine violated his rights; an injunction requiring Bernstine to issue a public apology and expunging and prohibiting the introduction, promotion, and enactment of Markie's Law; and fourteen million dollars in punitive damages. Burley also sought appointment of counsel and moved to join Joshua Lamancusa, Lawrence County District Attorney and Prison Board Member, alleging that he colluded with Bernstine to defame Burley in promoting Markie's Law and engaged in other violations of Burley's constitutional rights.

The case was referred to a Magistrate Judge, who screened the complaint under 28 U.S.C. § 1915A and recommended dismissing Burley's federal claims with prejudice, declining to exercise supplemental jurisdiction over the state law claims, and denying Burley's motion for appointment of counsel and motion for joinder. Over Burley's objections, the District Court adopted the recommendation in its entirety, and Burley timely appealed. On appeal, he has also filed a motion for appointment of counsel, a motion for leave to file a supplemental pleading, and a document in support of his appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing the complaint, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and review the District Court's decision not to exercise supplemental jurisdiction over Burley's state law claims for abuse of discretion, see Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 175 (3d Cir. 1999). To survive dismissal, a complaint must set out "sufficient factual matter, accepted as true" to show that its claims are facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We

3

construe Burley's pro se complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and we may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question, Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

The District Court correctly concluded that Bernstine is entitled to immunity for Burley's claims regarding the sponsorship and promotion of Markie's Law because activities related to "introducing, debating, [or] passing" legislation "are properly characterized as legislative" acts for which legislators enjoy absolute immunity. Baraka v. McGreevey, 481 F.3d 187, 196 (3d Cir. 2007). Moreover, this is "an appropriate case for application of legislative immunity to a claim for prospective relief," as Burley's requests for expungement of Markie's Law and an injunction against its introduction, promotion, and enactment "would seriously interfere with the role assigned exclusively to the Legislature." See id. at 203 (citations and internal quotation marks omitted).[2]

Regarding those claims for which Bernstine is not entitled to legislative immunity—namely, those arising out of statements made in press conferences[3]—we

---

[2] Burley argues that Bernstine engaged in willful misconduct and thus is not entitled to legislative immunity. "But a defendant's intent and motive are immaterial to whether certain acts are entitled to legislative immunity." Baraka, 481 F.3d at 200; see also Bogan v. Scott-Harris, 523 U.S. 44, 54-55 (1998). Burley's argument that legislative immunity does not apply to his claims against Bernstine in his individual capacity is also unavailing. See Larsen v. Senate of Pa., 152 F.3d 240, 252 (3d Cir. 1998) (holding legislative immunity applied to claims for damages against senators in their individual capacities).

[3] See Hutchinson v. Proxmire, 443 U.S. 111, 132-33 (1979) (holding newsletters and

4

agree with the District Court that Burley failed to state a plausible claim for relief. Specifically, Burley's bare assertion that he was denied equal protection because he is Muslim, black, and a parolee failed to state a claim under § 1985(3). See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997) (describing elements required to allege a § 1985(3) claim). The conclusory allegations in Burley's motion for joinder that Bernstine and Lamancusa colluded to make defamatory statements in the media and in promoting Markie's Law fared no better.

We also agree with the District Court that Burley's allegations failed to satisfy the "stigma-plus" standard for due process claims alleging injury to reputation. See Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006). Namely, although Burley arguably alleged the "stigma" element, he failed to plausibly allege that Bernstine's remarks were made "in the course of or [were] accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." See Clark v. Twp. of Falls, 890 F.2d 611, 619 (3d Cir. 1989) (citing Paul v. Davis, 424 U.S. 693, 701-12 (1976)). Burley has suggested that Bernstine's remarks tainted his criminal proceedings and caused him to be recommitted to a state correctional institution as a convicted parole violator. As the District Court noted, however, Burley was arrested and charged with the offenses at issue several months before Bernstine allegedly began

press releases not entitled to protection under the Speech or Debate Clause); Youngblood v. DeWeese, 352 F.3d 836, 839 (3d Cir. 2003) ("The scope of state legislators' immunity is 'coterminous' with the absolute immunity afforded to members of Congress under the Speech or Debate Clause, Art. I, § 6, of the United States Constitution." (citation omitted)).

making the defamatory statements, and because Burley was still awaiting his criminal trial, the contention that Bernstine's statements tainted its fairness was speculative.[4]

Further, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Burley's state law claims after his federal claims were dismissed. A court may decline to exercise supplemental jurisdiction "under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction." Doe v. Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017). The record indicates that both parties are Pennsylvania citizens, and thus the District Court lacked an independent basis for subject matter jurisdiction over the state law claims. See 28 U.S.C. § 1332(a); Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013).

Finally, considering the foregoing, the District Court did not abuse its discretion or otherwise err in dismissing the complaint without leave to amend; as the District Court explained, amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).[5]

---

[4] Burley has also suggested that the legislative proceedings related to Markie's Law satisfy the "plus" factor because they were, in effect, a criminal trial in absentia, and that votes in favor of the legislation amounted to guilty verdicts against him. This is implausible. We also note that insofar as Burley raised claims under the First, Fifth, Sixth, and Thirteenth Amendments, the District Court did not err in dismissing those claims for the reasons described in the Report and Recommendation.

[5] Having dismissed Burley's complaint, the District Court properly denied his remaining outstanding motions as moot.

IV.

For substantially the same reasons as the District Court and because this appeal does not present a substantial question, we will affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.[6]

---

[6] In light of our disposition, Burley's motion for appointment of counsel and motion for leave to file a supplemental pleading are denied. We have considered the arguments raised in those motions and conclude they are without merit and therefore do not warrant further discussion.